JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Christine Pembleton

**DEFENDANTS**
Macy's Inc. and Macy's Retail Holdings, Inc. l/t/a Macy's Retail Holdings, LLC

**(b)** County of Residence of First Listed Plaintiff _Philadelphia County, PA_
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _New York County, NY_
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Robert A. Huber, Esq.
Thomas E. Copain, Esq.
Huber & Palsir, LLC
461 N. 3rd Street, 2nd Floor
Philadelphia, PA 19123

Attorneys *(If Known)*
Robert W. Stanko, Esquire
Andrew C. Goldstein, Esquire
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300, Philadelphia, PA 19103

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | |
|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☐ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | X | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | X |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | X 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☐ 1 Original Proceeding | X 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer |
| | | | | | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):* 28 U.S.C. § 1441(a)

Brief description of cause: Plaintiff alleges various injuries as a result of an alleged accident involving an escalator.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes  ☒ No

## RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE 10/9/20
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| **CHRISTINE PEMBLETON** | : | **CIVIL ACTION** |
| v. | : | |
| | : | |
| **MACY'S INC., et al.** | : | |
| | | **NO.** |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a)  Habeas Corpus-Cases brought under 28 U.S.C. §2241through §2255.     ( )

(b)  Social Security-Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.     ( )

(c)  Arbitration-Cases require to be designated for arbitration under Local Civil Rule 53.2.     (X)

(d)  Asbestos-Cases involving claims for personal injury or property damage from
exposure to asbestos.     ( )

(e)  Special Management-Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)     ( )

(f)  Standard Management--Cases that do not fall into any one of the other tracks.     ( )

| | | |
|---|---|---|
| October 9, 2020 | | Defendants |
| Date | Attorney-at-law | Attorney for |
| | | |
| 215-575-2807 | 215-575-0856 | rwstanko@mdwcg.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660)  10/02

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| CHRISTINE PEMBLETON | : | CIVIL ACTION |
| v. | : | |
| | : | |
| MACY'S INC., et al. | : | |
| | | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus-Cases brought under 28 U.S.C. §2241through §2255.  ( )

(b) Social Security-Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration-Cases require to be designated for arbitration under Local Civil Rule 53.2.  (X)

(d) Asbestos-Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management-Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management--Cases that do not fall into any one of the other tracks.  ( )

| | | |
|---|---|---|
| October 9, 2020 | | Defendants |
| Date | Attorney-at-law | Attorney for |
| 215-575-2807 | 215-575-0856 | rwstanko@mdwcg.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660)  10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _6060 Alma Street, Philadelphia, PA 19149_

Address of Defendant: _20 Whippany Road, Morristown, New Jersey_

Place of Accident, Incident or Transaction: _2300 Lincoln Highway, Langhorne, PA 19047_

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _10/09/2020_  _____[signature]_____  _208830_
　　　　　　　　　　　　*Attorney-at-Law / Pro Se Plaintiff*　　　　*Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

*A.*　　*Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
　　*(Please specify):* _____

*B.*　　*Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☑ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
　　*(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _____  _____  _____
　　　　　　　　*Attorney-at-Law / Pro Se Plaintiff*　　　　*Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTINE PEMBLETON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. |
| MACY'S INC. and MACY'S RETAIL | : | |
| HOLDINGS, INC. l/t/a MACY'S RETAIL | : | |
| HOLDINGS, LLC and SCHINDLER | : | |
| ELEVATOR COMPANY and | : | |
| JOHN DOE #1 a/k/a Scott, | : | JURY TRIAL DEMANDED |
| JOHN DOE #2 and 3 | : | |

## **NOTICE OF REMOVAL**

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT
COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA:**

Defendants, Schindler Elevator Corporation (incorrectly identified as Schindler Elevator
Company and hereinafter referred to as "SEC"), Macy's Inc. and Macy's Retail Holdings, Inc.
l/t/a Macy's Retail Holdings, LLC (collectively "the Macy's Defendants"), by and through their
attorneys, Marshall Dennehey Warner Coleman & Goggin, pursuant to 28 U.S.C. §§ 1332, 1441,
and 1446, file the instant Notice of Removal of a certain action pending in the Philadelphia Court
of Common Pleas, and in support thereof state as follows:

1.      SEC and the Macy's Defendants are named as defendants in an action captioned
Christine Pembleton v. Macy's Inc. _et al._, Case ID 200802802, which is pending in the
Philadelphia Court of Common Pleas (hereinafter, the "State Court"). A true and correct copy of
Plaintiff's Civil Action Complaint is attached hereto as Exhibit "A."

2.      SEC was served with the Complaint in the State Court action on or about September
10, 2020. A true and correct copy of Plaintiff's Affidavit of Service on SEC is attached hereto as
Exhibit "B."

3.      The Macy's Defendants were served with the Complaint in the State Court action on or about September 8 and 14, 2020, respectively.   True and correct copies of Plaintiff's Affidavit of Service on the Macy's Defendants are attached hereto collectively as Exhibit "C."

4.      In accordance with 28 U.S.C. §1446(a), the foregoing Complaint is, upon information and belief, the only process, pleading, or order in the State Court action served upon SEC or the Macy's Defendants. Docket entries from the State Court action are attached hereto as Exhibit "D."

5.      Defendants desire to remove this action to this Court and submit this Notice along with the exhibits, in accordance with 28 U.S.C. §§1332, 1441 and 1446.

6.      In accordance with 28 U.S.C. §1446(b), this Notice of Removal is timely as it is filed within thirty (30) days of service.

7.      The State Court action satisfies the diversity jurisdiction requirements of 28 U.S.C. §1332(a) because it is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

8.      Plaintiff Christine Pembleton is, upon information and belief as set forth in the Complaint, an adult individual who resides at 6060 Alma Street, Philadelphia, PA 19149.

9.      SEC is a corporation organized and existing under the laws of the state of Delaware with its principal place of business located at 20 Whippany Road, Morristown, New Jersey.

10.     Macy's Inc. is a corporation organized and existing under the laws of the state of Delaware with its principal place of business located in New York, New York.

11.     Macy's Retail Holdings, LLC is a corporation organized and existing under the laws of the state of Ohio with its principal place of business located in New York, New York.

2

12.     Plaintiff expressly rejected a proposed stipulation that her alleged damages at issue were $75,000.00 or less.  Therefore, the amount in controversy exceeds $75,000.00.

13.     This action is one which this Honorable Court has original jurisdiction under the provisions of 28 U.S.C. § 1441(a), in that it is a civil action wherein Plaintiff has alleged that the damages in controversy exceed the sum or value of $75,000.00, exclusive of interest and costs and is between citizens of different states.

14.     The Removing Defendants removed the State Court Action to this Court because the State Court Action was previously pending in the Court of Common Pleas of Philadelphia County, Pennsylvania.

15.     Written notice of the filing of this Notice of Removal will be provided to Plaintiff, and a copy of this Notice of Removal and supporting papers will be filed with the Clerk of the State Court, as provided by 28 U.S.C. § 1446(d).

WHEREFORE, Defendants Schindler Elevator Corporation, Macy's Inc. and Macy's Retail Holdings, Inc. l/t/a Macy's Retail Holdings, LLC, pray that the above-described action pending against them in State Court be removed to this Court.

Respectfully submitted,

**MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN**

BY: _____
      Robert W. Stanko, Esquire
      Andrew C. Goldstein, Esquire
      Attorneys for Defendants,
      Schindler Elevator Corporation, Macy's Inc.
      and Macy's Retail Holdings, Inc. l/t/a
      Macy's Retail Holdings, LLC

Dated: _10/a/20_____

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing Notice of Removal was

sent by First Class mail, postage prepaid, to the following counsel of record:

> Thomas E. Copain, Esquire
> Robert A. Huber Esquire
> Huber & Palsir, LLC
> 461 N. 3rd Street, 2nd Floor
> Philadelphia, PA 19123

**MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN**

BY: _____
    Robert W. Stanko, Esquire
    Andrew C. Goldstein, Esquire
    Attorneys for Defendants,
    Schindler Elevator Corporation, Macy's Inc.
    and Macy's Retail Holdings, Inc. l/t/a
    Macy's Retail Holdings, LLC

Dated: _10/9/20_____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTINE PEMBLETON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. |
| MACY'S INC. and MACY'S RETAIL | : | |
| HOLDINGS, INC. l/t/a MACY'S RETAIL | : | |
| HOLDINGS, LLC and SCHINDLER | : | |
| ELEVATOR COMPANY and | : | |
| JOHN DOE #1 a/k/a Scott, | : | JURY TRIAL DEMANDED |
| JOHN DOE #2 and 3 | : | |

## A F F I D A V I T

    **ROBERT W. STANKO, ESQUIRE,** being duly sworn according to law deposes and states that the facts set forth in the foregoing Notice of Removal are true and correct to the best of his knowledge, information, and belief.


_____
**ROBERT W. STANKO, ESQUIRE**


SWORN TO AND SUBSCRIBED
BEFORE ME THIS _9ni_ DAY
OF _October_ , 2020

_____
NOTARY PUBLIC

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Mary Frances Woodruff, Notary Public
City of Philadelphia, Philadelphia County
My commission expires September 19, 2021

# EXHIBIT "A"

**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA** and Attested by the
**COURT OF COMMON PLEAS OF PHILADELPHIA** of Judicial Records
01 SEP 2020 05:32 pm
A. SILIGRINI

| | |
|---|---|
| **CHRISTINE PEMBLETON** : | |
| **6060 Alma Street** : | |
| **Philadelphia, PA 19149** : | |
| vs. : | **AUGUST TERM 2020** |
| **MACY'S INC. and** : | |
| **MACY'S RETAIL HOLDINGS, INC.** : | |
| **i/t/a MACY'S RETAIL HOLDINGS, LLC**: | **NO.** |
| **and SCHINDLER ELEVATOR CORP.** : | |
| **and JOHN DOE #1  a/k/a Scott,** : | |
| **JOHN DOE #2 and 3** : | |
| **2300 Lincoln Highway, Suite 4** : | |
| **Langhorne, PA 19047** : | |

## NOTICE TO DEFEND

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

*You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.*

**Philadelphia Bar Association**
**Lawyer Referral**
**and Information Service**
**One Reading Center**
**Philadelphia, Pennsylvania 19107**
**(215) 238-6333**
**TTY (215) 451-6197**

### AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

*Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.*

**Asociacion De Licenciados**
**De Filadelfia**
**Servicio De Referencia E**
**Informacion Legal**
**One Reading Center**
**Filadelfia, Pennsylvania 19107**
**(215) 238-6333**
**TTY (215) 451-6197**

10-284

Case ID: 200802802

HUBER & PALSIR, LLC
BY: ROBERT A. HUBER, ESQUIRE
    THOMAS E. COPAIN, ESQUIRE
IDENTIFICATION NO.s: 58948/322039
461 N. 3rd Street, 2nd floor
PHILADELPHIA, PA 19123
(215) 627-0676
rhuber@myhplaw.com - email

MAJOR TRIAL

ATTORNEYS FOR PLAINTIFF

---

| | |
|---|---|
| CHRISTINE PEMBLETON | : |
| 6060 Alma Street | : |
| Philadelphia, PA 19149 | : |
| vs. | : |
| MACY'S RETAIL HOLDINGS, INC. | : |
| i/t/a MACY's RETAIL HOLDINGS, LLC: | |
| 2300 Lincoln Highway, Suite 4 | : |
| Langhorne, PA 19047 | : |
| and | : |
| MACY'S, INC. | : |
| 151 West 34th Street | : |
| New York, NY 10001 | : |
| and | : |
| SCHINDLER ELEVATOR CORP. | : |
| 20 Whippany Road | : |
| Morristown, NJ 07960 | : |
| and | : |
| JOHN DOE #1  a/k/a Scott, | : |
| JOHN DOE #2 and 3 | : |
| JANE DOEs 1, 2 and 3 | : |
| 2300 Lincoln Highway, Suite 4 | : |
| Langhorne, PA 19047 | : |

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

AUGUST    TERM 2020

NO.:

## CIVIL ACTION - CODE NO.2S – PRODUCT LIABILITY

1.  Plaintiff, Christine Pembleton, is an adult individual who resides at the above captioned address.

2.  Defendant, Macy's Inc. and Macy's Macy's Retail Holdings, Inc. i/t/a Macy's Retail Holdings, LLC (hereinafter collectively referred to as the "Macy's" defendants) are corporation(s) and/or business entity(ies) which regularly do business in the Commonwealth of Pennsylvania and in the City and County of Philadelphia. In addition, the Macy's Defendants do

business at the Oxford Valley Mall, 2300 Lincoln Highway in Langhorne, PA. At all times

material hereto Macy's was in possession, custody and control of said premises, including its

escalators.

3. Defendant, Schindler Elevator Corporation, is a foreign corporation duly authorized to

conduct business in the Commonwealth of Pennsylvania and which regularly conducts business

in the City and County of Philadelphia. Upon information and belief, at all times material

hereto, this defendant installed, maintained,, serviced, manufactured, designed and/or repaired

the escalator in question located at the Macy's store located at the Oxford Valley Mall, 2300

Lincoln Highway, in Langhorne, PA. pursuant to a contract with Macy's.

4. Defendant John Doe 1 a/k/a Scott , is an adult individual who, upon information and

belief resides in Pennsylvania and who at all times material hereto was responsible for hiring

Macy's security personnel, Macy's staff, and/or Macy's representative(s), agent(s), servants,

personnel, workman and/or employees working at the Macy's location at the Oxford Valley Mall

2300 East Lincoln Highway in Langhorne, PA.

5. Defendant John Doe 2 is an adult individuals who, upon information and belief

resides in Pennsylvania and who at all times material hereto worked as Macy's security

personnel, Macy's staff, and/or Macy's representative(s), agent(s), servants workman and/or

employees working at the Macy's location at the Oxford Valley Mall 2300 East Lincoln

Highway in Langhorne, PA at all times material hereto.

6. Defendant John Doe 3 is an adult individual who upon information and belief resides in

Pennsylvania and who at all times material hereto worked for Schindler Elevator Corporation

and was responsible for maintaining, servicing, repairing, installing, and for keeping the

escalator in question in safe and proper working order at the Macy's store located at the Oxford

Valley Mall 2300 East Lincoln Highway in Langhorne, PA at all times material hereto.

7.   Defendants Jane Doe 1, 2 and 3 are adult individuals who reside in Pennsylvania

and who were Macy's security personnel, Macy's staff, and/or Macy's representative(s),

agent(s), servants workman and/or employees working at the Macy's location at the Oxford

Valley Mall 2300 East Lincoln Highway in Langhorne, PA at all times material hereto.

8.   Upon information and belief, each defendant owned, operated, leased, maintained,

repaired, serviced, installed, inspected, controlled, and/or maintained the right to control the

escalators and/or their emergency shutoff function at the Macy's store located at 2300 Lincoln

Highway, Suite 4 in Langhorne, PA.

9.   Each defendant knew and/or should have known before Plaintiff's accident on October

3, 2018 that the escalator at the Macy's Store located at the Oxford Valley Mall, 2300 Lincoln

Highway in Langhorne, PA which Plaintiff was in an unsafe, defective and/or dangerous

condition, that it was not safe for passenger use and each defendant failed to do so, and/or notify

escalator passengers of same.

10.   Each defendant acted by and through its/his/her authorized agents, servants, workmen

and/or employees who were acting within the course and scope of their employment and/or

authority with one another at all times material hereto.

11.   On or about October 3, 2018, Plaintiff Christine Pembleton was shopping at Macy's

Oxford Valley Mall store located at 2300 Lincoln Highway in Langhorne, PA. when suddenly

and without warning, the defective and/or unsafe escalator she was a passenger on caught her

skirt, entrapped and pulled her down, and repeatedly struck her over a period of several minutes

during which time each defendant failed to stop, correct or remedy said hazardous and injurious

condition,   causing Plaintiff serious and/or permanent injuries to her neck, head, back right ankle, leg and/or as hereinafter more fully set forth.

12. At all times material hereto, Plaintiff used the escalator in question in the manner in which it was intended to be used, and at all times pertinent hereto, the occurrence described herein was not caused by any act or failure to act on the part of Plaintiff.

13. As a direct and proximate result of the aforementioned accident, Plaintiff suffered serious and/or permanent injuries including but not limited to: back contusion; concussion with associated headache; post traumatic headache; post traumatic vertigo; cervical spine ligaments sprain; severe damage to her nerves and nervous system and diverse other ills and injuries.

14. As a direct result of the aforementioned accident, Plaintiff has in the past and/or may in the future suffer a loss of earnings, and a loss of earning capacity, all to her great loss and detriment.

15. As a direct result of the aforementioned accident, plaintiff has in the past and may continue to receive and will in the future be required to incur the costs of medical care, hospitalization, medication, future surgery, diagnostic testing and rehabilitation in an attempt to cure and/or alleviate her injuries and conditions resulting from this accident, all to her great loss and detriment.

16. At all times material hereto, each defendant owed plaintiff a duty to install, inspect, service, repair, maintain and/or monitor the escalator in question and to make sure it was safe for use by plaintiff and each defendant failed to do so.

17. Each defendant knew or should have expected that persons such as plaintiff would not discover and/or realize that the escalator in question was in a dangerous and/or unsafe condition and each defendant failed to protect persons such as plaintiff against it.

18. Each defendant owed a duty to plaintiff to ensure that the escalator in question which it/he/she/they provided for its intended users was in a safe, non-hazardous condition at all times.

19. Each defendant knew or should have been aware of the escalator's operation and safety features, including but not limited to the location and/or use of the escalator's emergency stop function, and therefore had a duty to properly educate, train and inspect its agents, employees, servants, workmen and/or contractors of same.

20. At all times material hereto, each defendant, jointly and/or severally, maintained certain responsibilities duties and obligations for the aforementioned escalator in question, which it/he/she/they breached, including:

    a. designing, installing, and/or manufacturing a safe and non-hazardous escalator for use by customers including Plaintiff;

    b. properly and timely testing, servicing, maintaining, repairing and/or inspecting the escalator in question;

    c. promulgating, implementing, using and/or enforcing all required escalator safety measures, including timely and regular inspection and monitoring of said escalator;

    d. ensuring that no escalator be put into operation unless it was safe and proper working order;

    e. having and/or requiring proper safety features and/or safety measures for said escalator at all times.

    f. the duty to report, timely report and/or timely correct operational and/or safety problems with this escalator type or model;

    g. providing properly trained, qualified, experienced, and skilled employees, representatives, or agent(s) to inspect, install, repair, maintain, service, and monitor the escalator in question;

    h. having an escalator with property safety features, measures and/or devices to prevent it from catching a passenger's clothing;

21. As a direct result of the aforementioned accident, Plaintiff has in the past and may in the future continue to suffer pain, mental anguish, humiliation, embarrassment, fear, loss of well-being, loss of life's pleasures, restrictions in her ability to perform life's normal activities, duties and avocations which may continue indefinitely into the future, all to her great loss and detriment.

22. The aforementioned accident, injuries and other damages to plaintiff would not have occurred but for the joint and/or several carelessness and negligence of each defendant.

23. The aforesaid accident and resulting injuries and damages to plaintiff were in no manner caused by plaintiff, Christine Pembleton.

24. Venue is proper in Philadelphia County as the Corporate Defendants regularly do business in the City and County of Philadelphia and one or more of the John Doe/Jane doe defendants live in Pennsylvania and Plaintiff resides in Philadelphia.

## COUNT I
## CHRISTINE PEMBLETON v. MACY'S

25. Plaintiff incorporates by reference the preceding paragraphs as though same were fully set forth at length herein.

26. The aforesaid accident and injuries to Plaintiff resulting therefrom were caused by the negligence, carelessness, acts and/or omissions of the Macy's defendants, which consisted of the following;

    a. Allowing an escalator which it knew or should have known was in an unsafe, defective and/or dangerous condition to be and remain in service at all times relevant hereto;

    b. Failing to inspect, timely inspect, monitor and/or timely monitor its escalator(s);

    c. Failing to perform timely and/or regular preventive maintenance on the escalator in question;

d. Failing to properly maintain, service, refurbish, retrofit and/or repair the escalator in question prior to the accident in question;

e. Failing to hire, retain and/or utilize competent, properly trained, qualified, skilled, and/or experienced escalator maintenance personnel, mechanics, technicians, installers, servicemen and/or repairmen to install, service, maintain, repair, refurbish, retrofit, and/or work on the escalator in question;

f. Causing the escalator in question to be and/or remain in a dangerous, defective and/or unsafe condition at all times material hereto by virtue of inadequate escalator warnings.

g. Failing to make and/or perform necessary, timely escalator renovations, retrofits, service, repair or part replacement(s) for the elevator in question;

h. Failing to require and/or provide appropriate education, instruction, training, supervision, management and/or direction to its employees, agents, servants, workmen, employees, agents, and/or contractors responsible for the maintenance, service, repair, upkeep and safety of the escalator in question;

i. Failing promulgate, implement, use, follow and/or enforce appropriate education, instruction, training, supervision, management and/or direction to its employees, agents, servants, workmen and/or contractors responsible for proper safety and emergency procedures, including but not limited to knowing the location of and properly utilizing the emergency stop function in a timely manner;

j. Failing to promulgate, implement, use, follow and/or enforce Store Accident and/or Safety Policies, Procedures, Rules, Training, Guidelines, Manuals, Warnings and/or Precautions including but not limited to those pertaining to escalator safety;

k. Failing to perform or timely perform escalator inspection, monitoring, preventive maintenance,: operation, repair, modernization, refurbishment retrofit and/or renovation;

l. Failing to perform a timely risk assessment of the escalator in question;

m. Failing to follow industry standards and/or requirements in the maintenance, repair, inspection and monitoring of the escalator in question;

n. Failing to have adequate staffing of its store

o. Failing to hire and/or utilize properly qualified person(s) to service, repair and/or maintain the escalator in question;

p.  Hiring and/or retaining persons to perform service, repair, and/or maintenance of the escalator in question who were not properly qualified, competent, skilled, knowledgeable and/or trained to work on the escalator in question;

q.  Failing to timely adopt and/or employ proper and adequate safety precautions to prevent, avoid and/or mitigate the accident in question;

r.  Failing to have an adequate  safety training manual, safety policies or safety procedures for  the escalator in question;;

s.  Allowing an escalator with unsafe and dangerous features such as gaps in steps and/o step sides to be and remain at the premises;

t.  Failing to utilize available security measures, safety plates, and/or features on said escalator which would have prevented and/or mitigated the accident and its consequences;

u.  Failing to have proper and/or adequate warnings of the dangers of the escalator in question.

27. By conducting itself as set forth above, the Macy's defendants acts and/or omissions as set forth above were a substantial factor in, and a factual cause of Plaintiff's aforementioned accident and the serious and/or permanent injuries and damages she suffered..

**WHEREFORE,** Plaintiff Christine Pembleton demands judgment in her favor and against the Macy's defendants, jointly and severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00), exclusive of interest and costs.

## COUNT II
## CHRISTINE PEMBLETON V. SCHINDLER ELEVATOR CORPORATION
## (NEGLIGENCE)

28. Plaintiff incorporates by reference the preceding paragraphs as though same were fully set forth at length herein.

29. The aforementioned accident and Plaintiff's resulting injuries were caused by the defendant's negligence, carelessness, acts and/or omissions in its design, construction,

manufacture, distribution, supply, selling, installation, service, inspection, maintenance, and/or

repair of the said escalator and/or its component parts, which consisted of the following:

    a. Allowing an escalator which it knew or should have known was in an unsafe, defective and/or dangerous condition to be and remain in service at all times relevant hereto;

    b. Failing to inspect, timely inspect, monitor and/or timely monitor its escalator(s);

    c. Failing to perform timely and/or regular preventive maintenance on the escalator in question;

    d. Failing to properly maintain, service, refurbish, retrofit and/or repair the escalator in question prior to the accident in question;

    e. Failing to hire, retain and/or utilize competent, properly trained, qualified, skilled, and/or experienced escalator maintenance personnel, mechanics, technicians, installers, servicemen and/or repairmen to install, service, maintain, repair, refurbish and/or work on the escalator in question;

    f. Causing the escalator in question to be and/or remain in a dangerous, defective and/or unsafe condition at all times material hereto by virtue of inadequate escalator warnings.

    g. Failing to make and/or perform necessary, timely escalator renovations, retrofits, service, repair or part replacement(s) for the elevator in question;

    h. Failing to require and/or provide appropriate education, instruction, training, supervision, management and/or direction to its employees, agents, servants, workmen, employees, agents, and/or contractors responsible for the maintenance, service, repair, upkeep and safety of the escalator in question;

    i. Failing promulgate, implement, use, follow and/or enforce appropriate education, instruction, train ing, supervision, management and/or direction to its employees, agents, servants, workmen and/or contractors responsible for proper safety and emergency procedures, including but not limited to knowing the location of and properly utilizing the emergency stop function in a timely manner;

    j. Failing to promulgate, implement, use, follow and/or enforce Store Accident and/or Safety Policies, Procedures, Rules, Training, Guidelines, Manuals, Warnings and/or Precautions including but not limited to those pertaining to escalator safety;

k.   Failing to perform or timely perform escalator inspection, monitoring, preventive maintenance,: operation, repair, modernization, refurbishment retrofit and/or renovation;

l.   Failing to perform a timely risk assessment of the escalator in question;

m.  Failing to follow industry standards and/or requirements in the maintenance, repair, inspection and monitoring of the escalator in question;

n.   Failing to have adequate staffing of its store

o.   Failing to hire and/or utilize properly qualified person(s) to service, repair and/or maintain the escalator in question;

p.   Hiring and/or retaining persons to perform service, repair, and/or maintenance of the escalator in question who were not properly qualified, competent, skilled, knowledgeable and/or trained to work on the escalator in question;

q.   Failing to timely adopt and/or employ proper and adequate safety precautions to prevent, avoid and/or mitigate the accident in question;

r/   Failing to have an adequate  safety training manual, safety policies or safety procedures for  the escalator in question;;

s.   Allowing an escalator with unsafe and dangerous features such as gaps in steps and/o step sides to be and remain at the premises;

t.   Failing to utilize available security measures, safety plates, and/or features on said escalator which would have prevented and/or mitigated the accident and its consequences;

u.   Failing to have proper and/or adequate warnings of the dangers of the escalator in question.

30. By conducting itself as set forth above, defendant Schindler Escalator Corporation's acts and/or omissions as set forth above were a substantial factor in, and a factual cause of Plaintiff's aforementioned accident and her serious and/or permanent injuries and damages.

**WHEREFORE,** Plaintiff Christine Pembleton demands judgment in her favor and against Defendant, Schindler Elevator Corporation, jointly and severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00), exclusive of interest and costs.

## COUNT III
## CHRISTINE PEMBLETON V. SCHINDLER ELEVATOR CORPORATION
### (STRICT LIABILITY)

31. Plaintiff incorporates by reference the preceding paragraphs as though same were fully set forth at length herein.

32. Defendant, Schindler Escalator Corporation, at all times material hereto, did design, construct, manufacture, modernize, label, inspect, repair, maintain, overhaul, assemble and/or distribute or otherwise place into the stream of commerce the aforementioned escalator which injured plaintiff.

33. At the time of its manufacture, construction, distribution and/or sale, the aforesaid escalator was defective, unreasonably dangerous and unfit and unsafe for its intended uses and purposes rendering it unreasonably dangerous.

34. The aforesaid escalator was defective in its design, manufacture, and construction in that it, among other things, was designed manufactured and constructed: without proper safety devices to prevent a rider from becoming entrapped in the track, step grooves, step mechanism, outer decking and/or comb plate.

35. At the time of design, manufacture, construction, distribution, and/or sale, the aforesaid escalator failed to contain proper and sufficient warnings, cautions and/or instructions, rendering the aforesaid escalator defective, unreasonably dangerous and unfit and unsafe for its intended uses and purposes.

36. On or about October 3, 2018, the aforesaid escalator was in the same or substantially similar condition as it was when manufactured, distributed, and/or sold by said defendant.

37. Said defendant designed, manufactured, constructed, labeled, sold, distributed, supplied, installed, repaired, inspected and maintained the escalator in a defective condition, dangerous to

its purchaser and to the ultimate user or consumer and is strictly liable to plaintiff pursuant to Section 402A of the Restatement (Second) of Torts.

38. As a direct and proximate result of the aforementioned defects and dangerous condition(s), plaintiff has suffered the severe and permanent injuries which were set forth at length herein above.

39. By conducting itself as set forth above, defendant Schindler Elevator Corporation's acts and/or omissions as set forth above were a substantial factor in, and a factual cause of Plaintiff's aforementioned accident and her serious and/or permanent injuries and damages.

**WHEREFORE,** Plaintiff Christine Pembleton demands judgment in her favor and against Defendant, Schindler Elevator Corporation, jointly and severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00), exclusive of interest and costs.

**COUNT IV**
**CHRISTINE PEMBLETON V. SCHINDLER ELEVATOR CORPORATION**
**(BREACH OF WARRANTY)**

40. Plaintiff incorporates by reference the preceding paragraphs as though same were fully set forth at length herein

41. At all times material hereto, said Defendant did expressly and impliedly warrant that the aforesaid escalator, and all of its component parts, were of merchantable condition at the time it was sold and that it was fit for its intended purpose when sold and/or used for its intended purpose(s).

42. Defendant Schindler Elevator Corporation breached said expressive and/or implied warranties in that the aforesaid escalator was defective, hazardous, unsafe, unfit for its intended use and not properly and reasonably merchantable and was unfit for its intended, ordinary foreseeable use and purpose.

Case ID: 200802802

43. As a direct and proximate result of the aforementioned defects and dangerous condition(s), plaintiff has suffered the severe and painful injuries which were set forth at length herein above.

44. By conducting itself as set forth above, defendant Schindler Elevator Corporation's acts and/or omissions as set forth above were a substantial factor in, and a factual cause of Plaintiff's aforementioned accident and her serious and/or permanent injuries and damages.

**WHEREFORE,** Plaintiff Christine Pembleton demands judgment in her favor and against Defendant, Schindler Elevator Corporation, jointly and severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00), exclusive of interest and costs.

**COUNT V**
**CHRISTINE PEMBLETON v. JOHN DOE 1 and 2**
**(NEGLIGENCE)**

45. Plaintiff incorporates by reference the preceding paragraphs as if same were fully set Forth at length herein.

46. The carelessness, negligence acts and omissions of John Doe 1 a/k/a Scott and John Doe 2, who upon information and belief worked in management for Macy's at the Macy'sstore in question at all times material hereto consisted of the following:

   a. Allowing an escalator which it knew or should have known was in an unsafe, defective and/or dangerous condition to be and remain in service at all times relevant hereto;

   b. Failing to inspect, timely inspect, monitor and/or timely monitor its escalator(s);

   c. Failing to perform timely and/or regular preventive maintenance on the escalator in question;

   d. Failing to properly maintain, service, refurbish, retrofit and/or repair the escalator in question prior to the accident in question;

e.  Failing to hire, retain and/or utilize competent, properly trained, qualified, skilled, and/or experienced escalator maintenance personnel, mechanics, technicians, installers, servicemen and/or repairmen to install, service, maintain, repair, refurbish, retrofit, and/or work on the escalator in question;

f.  Causing the escalator in question to be and/or remain in a dangerous, defective and/or unsafe condition at all times material hereto by virtue of inadequate escalator warnings.

g.  Failing to make and/or perform necessary, timely escalator renovations, retrofits, service, repair or part  replacement(s) for the elevator in question;

h.  Failing to require and/or provide appropriate education, instruction, training, supervision, management and/or direction to  its employees, agents, servants, workmen, employees, agents, and/or contractors responsible for the maintenance, service, repair, upkeep and safety of the escalator in question;

i.  Failing promulgate, implement, use, follow and/or enforce appropriate education, instruction, training, supervision, management and/or direction to its employees, agents, servants, workmen and/or contractors responsible for proper safety and emergency procedures, including but not limited to knowing the location of and properly utilizing the emergency stop function in a timely manner;

j.  Failing to promulgate, implement, use, follow and/or enforce Store Accident and/or Safety Policies, Procedures, Rules, Training, Guidelines, Manuals, Warnings and/or Precautions including but not limited to those pertaining to escalator safety;

k.  Failing to perform or timely perform escalator inspection, monitoring, preventive maintenance,: operation, repair, modernization, refurbishment retrofit and/or  renovation;

l.  Failing to perform a timely risk assessment of the escalator in question;

m.  Failing to follow industry standards and/or requirements in the maintenance, repair, inspection and monitoring of the escalator in question;

n.  Failing to have adequate staffing of its store

o.  Failing to hire and/or utilize properly qualified person(s) to service, repair and/or maintain the escalator in question;

p.  Hiring and/or retaining persons to perform service, repair, and/or maintenance of the escalator in question who were not properly qualified, competent, skilled, knowledgeable and/or trained to work on the escalator in question;

q. Failing to timely adopt and/or employ proper and adequate safety precautions to prevent, avoid and/or mitigate the accident in question;

r. Failing to have an adequate safety training manual, safety policies or safety procedures for the escalator in question;;

v. Allowing an escalator with unsafe and dangerous features such as gaps in steps and/o step sides to be and remain at the premises;

w. Failing to utilize available security measures, safety plates, and/or features on said escalator which would have prevented and/or mitigated the accident and its consequences;

x. Failing to have proper and/or adequate warnings of the dangers of the escalator in question.

**WHEREFORE,** Plaintiff Christine Pembleton demands judgment in her favor and against Defendant, John Doe Defendants 1 and 2, jointly and severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00), exclusive of interest and costs.

## COUNT VI
## CHRISTINE PEMBLETON v. JOHN DOE 3
## (NEGLIGENCE)

47. Plaintiff incorporates by reference the preceding paragraphs as if same were fully set Forth at length herein.

48. The carelessness, negligence, acts and omissions of John Doe 3 who worked for Schindler Elevator Company and performed work on the elevator in question at Macy's including service, maintenance, installation and repair at all times material hereto consisted of the following:

a. Allowing an escalator which it knew or should have known was in an unsafe, defective and/or dangerous condition to be and remain in service at all times relevant hereto;

b. Failing to inspect, timely inspect, monitor and/or timely monitor its escalator(s);

c.   Failing to perform timely and/or regular preventive maintenance on the escalator in question;

d.   Failing to properly maintain, service, refurbish, retrofit and/or repair the escalator in question prior to the accident in question;

e.   Failing to hire, retain and/or utilize competent, properly trained, qualified, skilled, and/or experienced escalator maintenance personnel, mechanics, technicians, installers, servicemen and/or repairmen to install, service, maintain, repair, refurbish, retrofit, and/or work on the escalator in question;

f.   Causing the escalator in question to be and/or remain in a dangerous, defective and/or unsafe condition at all times material hereto by virtue of inadequate escalator warnings.

g.   Failing to make and/or perform necessary, timely escalator renovations, retrofits, service, repair or part replacement(s) for the elevator in question;

h.   Failing to require and/or provide appropriate education, instruction, training, supervision, management and/or direction to its employees, agents, servants, workmen, employees, agents, and/or contractors responsible for the maintenance, service, repair, upkeep and safety of the escalator in question;

i.   Failing promulgate, implement, use, follow and/or enforce appropriate education, instruction, training, supervision, management and/or direction to its employees, agents, servants, workmen and/or contractors responsible for proper safety and emergency procedures, including but not limited to knowing the location of and properly utilizing the emergency stop function in a timely manner;

j.   Failing to promulgate, implement, use, follow and/or enforce Store Accident and/or Safety Policies, Procedures, Rules, Training, Guidelines, Manuals, Warnings and/or Precautions including but not limited to those pertaining to escalator safety;

k.   Failing to perform or timely perform escalator inspection, monitoring, preventive maintenance,: operation, repair, modernization, refurbishment retrofit and/or  renovation;

l.   Failing to perform a timely risk assessment of the escalator in question;

m.  Failing to follow industry standards and/or requirements in the maintenance, repair, inspection and monitoring of the escalator in question;

n.   Failing to have adequate staffing of its store

o.   Failing to hire and/or utilize properly qualified person(s) to service, repair and/or

maintain the escalator in question;

p. Hiring and/or retaining persons to perform service, repair, and/or maintenance of the escalator in question who were not properly qualified, competent, skilled, knowledgeable and/or trained to work on the escalator in question;

q. Failing to timely adopt and/or employ proper and adequate safety precautions to prevent, avoid and/or mitigate the accident in question;

r. Failing to have an adequate safety training manual, safety policies or safety procedures for the escalator in question;;

s. Allowing an escalator with unsafe and dangerous features such as gaps in steps and/o step sides to be and remain at the premises;

t. Failing to utilize available security measures, safety plates, and/or features on said escalator which would have prevented and/or mitigated the accident and its consequences;

v. Failing to have proper and/or adequate warnings of the dangers of the escalator in question.

**WHEREFORE,** Plaintiff Christine Pembleton demands judgment in her favor and against Defendant, John Doe Defendant 3, jointly and severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00), exclusive of interest and costs.

## COUNT VIII
## CHRISTINE PEMBLETON v. JANE DOE 1-3
## (NEGLIGENCE)

49. Plaintiff incorporates by reference the preceding paragraphs as if same were fully set Forth at length herein.

50. The carelessness, negligence, acts and omissions of Jane Does 3 who worked for The Macy's defendants as staff and or Macy's security at all times material hereto consisted of the following:

a. Allowing an escalator which she knew or should have known was in an unsafe, defective and/or dangerous condition to be and remain in service at all times relevant hereto;

b. Failing to inspect, timely inspect, monitor and/or timely monitor its escalator(s);

c. Failing to perform timely and/or regular preventive maintenance on the escalator in question;

d. Failing to properly maintain, service, refurbish, retrofit and/or repair the escalator in question prior to the accident in question;

e. Failing to hire, retain and/or utilize competent, properly trained, qualified, skilled, and/or experienced escalator maintenance personnel, mechanics, technicians, installers, servicemen and/or repairmen to install, service, maintain, repair, refurbish, retrofit, and/or work on the escalator in question;

f. Causing the escalator in question to be and/or remain in a dangerous, defective and/or unsafe condition at all times material hereto by virtue of inadequate escalator warnings.

g. Failing to make and/or perform necessary, timely escalator renovations, retrofits, service, repair or part replacement(s) for the elevator in question;

h. Failing to require and/or provide appropriate education, instruction, training, supervision, management and/or direction to its employees, agents, servants, workmen, employees, agents, and/or contractors responsible for the maintenance, service, repair, upkeep and safety of the escalator in question;

i. Failing promulgate, implement, use, follow and/or enforce appropriate education, instruction, training, supervision, management and/or direction to its employees, agents, servants, workmen and/or contractors responsible for proper safety and emergency procedures, including but not limited to knowing the location of and properly utilizing the emergency stop function in a timely manner;

j. Failing to promulgate, implement, use, follow and/or enforce Store Accident and/or Safety Policies, Procedures, Rules, Training, Guidelines, Manuals, Warnings and/or Precautions including but not limited to those pertaining to escalator safety;

k. Failing to perform or timely perform escalator inspection, monitoring, preventive maintenance,: operation, repair, modernization, refurbishment retrofit and/or renovation;

l. Failing to perform a timely risk assessment of the escalator in question;

m. Failing to follow industry standards and/or requirements in the maintenance, repair, inspection and monitoring of the escalator in question;

n. Failing to have adequate staffing of its store

o. Failing to hire and/or utilize properly qualified person(s) to service, repair and/or maintain the escalator in question;

p. Hiring and/or retaining persons to perform service, repair, and/or maintenance of the escalator in question who were not properly qualified, competent, skilled, knowledgeable and/or trained to work on the escalator in question;

q. Failing to timely adopt and/or employ proper and adequate safety precautions to prevent, avoid and/or mitigate the accident in question;

r. Failing to have an adequate safety training manual, safety policies or safety procedures for the escalator in question;;

y. Allowing an escalator with unsafe and dangerous features such as gaps in steps and/o step sides to be and remain at the premises;

z. Failing to utilize available security measures, safety plates, and/or features on said escalator which would have prevented and/or mitigated the accident and its consequences;

aa. Failing to have proper and/or adequate warnings of the dangers of the escalator in question.

**WHEREFORE,** Plaintiff Christine Pembleton demands judgment in her favor and against Defendant, Jane Doe Defendants 1-3, jointly and severally, in an amount in excess of Fifty Thousand Dollars ($50,000.00), exclusive of interest and costs.

HUBER & PALSIR, LLC

BY: _____

ROBERT A. HUBER, ESQUIRE
Attorney for Plaintiff
Christine Pembleton

Dated: September 1, 2020

## VERIFICATION

The undersigned, having read the attached pleading, hereby verifies that the within pleading is based on information furnished to counsel, which information has been gathered by counsel in the course of this law suit. Signer verifies that he/she has read the within pleading and that it is true and correct to the best of signer's knowledge, information and belief. To the extent that the contents of the pleadings are that of counsel, verifier has relied upon counsel in taking this Verification. This Verification is made subject to the penalties of 18 Pa. C.S. Sec. 4904, relating to unsworn falsification of authorities.

BY

Christine Pembleton

## VERIFICATION

I, Robert A. Huber, do hereby state that I am the attorney representing the party filing the foregoing pleading. I verify that I have read the attached pleading, that the information contained within the pleading is based upon information furnished to counsel and or gathered by counsel. I verify that the information contained within this pleading is true and correct to the best of my knowledge, information and belief. This verification is made subject to the penalties of 18 Pa. C.S. Section 4904 relating to unsworn falsification to authorities.

BY: _____
           Robert A. Huber

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania that require filing confidential information and documents differently than non-confidential information and documents.

Respectfully submitted,

Robert A Huber, Esquire

Attorney ID: 58948

Attorney for Plaintiff, Christine Pembleton

# EXHIBIT "B"

HUBER AND PALSIR, LLC

BY: ROBERT A HUBER, ESQUIRE

IDENTIFICATION NO: 48958

P O BOX 37008

PHILADELPHIA, PA 19122

(215) 627-0676

**Filed and Attested by the Office of Judicial Records 18 SEP 2020 08:44 pm AFFIDAVIT OF ...**

PLAINTIFFS: Christine Pembleton

PHILADELPHIA CCP CASE ID: 200802802

DEFENDANT: Schindler Elevator Corp.

SERVED: COMPLAINT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

1)   **Served Complaint** to Schindler Elevator Corporation

on the 10th day of September, 2020 at 20 Whippany Road, Morristown, NJ 07960

in the manner described below:

Certified Mail Return Receipt Requested # 70200640000084460627

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

NAME OF SERVER:

Ana Doughty, being duly sworn according to law, deposes and says that she is process server herein named; and that the facts herein set forth are true and correct to the best of her knowledge, information and belief.

Ana D.                          9/18/2020

**Ana Doughty**                  **Date**

SWORN TO AND SUBSCRIBED

BEFORE ME THIS 18th DAY

OF SEPTEMBER 2020:

Donna Marie Knorr

**NOTARY PUBLIC**

> Commonwealth of Pennsylvania - Notary Seal
> DonnaMarie Knorr, Notary Public
> Philadelphia County
> My Commission Expires July 31, 2023
> Commission Number 1235333

Case ID: 200802802

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Schindler Elevation Corp
20 Whippany Road
Morristown, NJ 07960

|||||||| 9590 9402 4786 8344 3798 81

2. Article Number (Transfer from service label)

7020 0640 0000 8446 0627

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Sam Zilarsky_     ☐ Agent
                      ☐ Addressee

B. Received by (Printed Name)     C. Date of Delivery

SEP 1 0 REC'D

D. Is delivery address different from Item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

AUTHORIZED AGENT

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
   Insured Mail Restricted Delivery
   (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☒ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053          Domestic Return Receipt

# EXHIBIT "C"

HUBER AND PALSIR, LLC

BY: ROBERT A HUBER, ESQUIRE

IDENTIFICATION NO: 48958

P O BOX 37008

PHILADELPHIA, PA 19122

(215) 627-0676

**AFFIDAVIT OF SERVICE**

*Filed and Attested by the
Office of Judicial Records
25 SEP 2020 11:21 am
G. IMPERATO*

PLAINTIFF: Christine Pembleton

PHILADELPHIA CCP CASE ID: 200802802

DEFENDANT: Macy's Inc., etal.

SERVED: COMPLAINT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

1)   Served Complaint to Macy's Retail Holdings, Inc.

on the 14th day of September, 2020 at 2300 Lincoln Highway, Suite 4, Langhorne,

PA 19047 in the manner described below:

Bucks County Sheriff

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

NAME OF SERVER:

Ana Doughty, being duly sworn according to law, deposes and says that she is process

server herein named; and that the facts herein set forth are true and correct to the best

of her knowledge, information and belief.

_____        9/25/2020

**Ana Doughty**                         **Date**

SWORN TO AND SUBSCRIBED

BEFORE ME THIS 25th DAY

OF SEPTEMBER, 2020:

_____

**NOTARY PUBLIC**

Commonwealth of Pennsylvania - Notary Seal
DonnaMarie Knorr, Notary Public
Philadelphia County
My Commission Expires July 31, 2023
Commission Number 1235333

Case ID: 200802802

# BUCKS SHERIFF'S RETURN

Case #:     **2020-92483**
Commenced: **9/1/2020**
Caption:    **PEMBLETON, CHRISTINE**
            **vs.**
            **MACY'S RETAIL HOLDINGS, INC.**

## SERVICE REQUEST

Request #:      **16021 (1 of 1)**
Request Type:   **Out of County   COMPLAINT**
Entered:        **9/9/2020 by COB\dllindsey**
Requested By:   **CHRISTINE PEMBLETON**
                **UNKNOWN**

Special Instructions:
Service To:     **1) MACY'S RETAIL HOLDINGS, INC.**
                **2) JOHN DOE #1**
                **3) JOHN DOE #2**
                **4) JOHN DOE #3**
                **5) JANE DOE #1**
                **6) JANE DOE #2**
                **7) JANE DOE #3**

---

Zone:           **3**
Address:        **2300 LINCOLN HIGHWAY, SUITE 4**
                **LANGHORNE, PA 19047**
Municipality:   **Middletown TOWNSHIP**

    **Pick Up** on **9/10/2020 2:12 PM** by deputy **Deputy Dale Walton**

    **Served** on **9/14/2020 2:01 PM** by deputy **Deputy Dale Walton**

    • **Person in Charge of Business (A)(2)(iii)**

Served To: **SHARON WEISS**
Witness: **DEPUTY WALTON**

Case ID: 200802802

HUBER AND PALSIR, LLC

BY: ROBERT A HUBER, ESQUIRE

IDENTIFICATION NO: 48958

P O BOX 37008

PHILADELPHIA, PA 19122

(215) 627-0676

**AFFIDAVIT OF SERVICE**

*Filed and Attested by the Office of Judicial Records 25 SEP 2020 11:23 am G. IMPERATO*

PLAINTIFF: Christine Pembleton

PHILADELPHIA CCP CASE ID: 200802802

DEFENDANT: Macy's Inc., etal.

SERVED: COMPLAINT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

1)    Served Complaint to Macy's Inc.

on the 8th day of September, 2020 at 151 West 34th Street, New York, NY 10001 in

the manner described below:

Certified Mail Return Receipt Requested # 70190700000130326933

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

NAME OF SERVER:

Ana Doughty, being duly sworn according to law, deposes and says that she is process

server herein named; and that the facts herein set forth are true and correct to the best

of her knowledge, information and belief.

| | |
|---|---|
| *Ana D_____* | 9/25/2020 |
| **Ana Doughty** | **Date** |

SWORN TO AND SUBSCRIBED

BEFORE ME THIS 25th DAY

OF SEPTEMBER, 2020:

*Donna Marie Knorr*

NOTARY PUBLIC

Commonwealth of Pennsylvania - Notary Seal
DonnaMarie Knorr, Notary Public
Philadelphia County
My Commission Expires July 31, 2023
Commission Number 1235333

Case ID: 200802802

**U.S. Postal Service**

**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$

9/2/20 mailed

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $ _____
☐ Return Receipt (electronic)      $ _____
☐ Certified Mail Restricted Delivery $ _____
☐ Adult Signature Required         $ _____
☐ Adult Signature Restricted Delivery $ _____

Postmark
Here

Postage
$

Total Postage and Fees
$

Sent To    Macy's Inc
Street and Apt. No., or PO Box No.
151 West 34th Street
City, State, ZIP+4®
New York NY 10001

PS Form 3800, April 2015 PSN 7530-02-000-9047        See Reverse for Instructions

7019 0700 0001 3032 9333

Case ID: 200802802

9/21/2020                                 USPS.com® - USPS Tracking® Results

ALERT: STAY UPDATED ON POST OFFICE CLOSURES AND SERVICE IMPACTS DUE TO SEVER...

# USPS Tracking®

FAQs >

Track Another Package  +

**Tracking Number:** 70190700000130326933

Remove ✕

Your item was delivered to the front desk, reception area, or mail room at 11:27 am on September 8, 2020 in NEW YORK, NY 10001.

Feedback

## ⊘ Delivered

September 8, 2020 at 11:27 am
Delivered, Front Desk/Reception/Mail Room
NEW YORK, NY 10001

**Get Updates** ∨

---

**Text & Email Updates**                                                    ∨

---

**Tracking History**                                                         ∨

---

**Product Information**                                                      ∨

---

See Less ∧

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

Case ID: 200802802

# EXHIBIT "D"



No Items in Cart **LOGOUT** rstanko1

**Civil Docket Report**
A $5 Convenience fee will be added to the transaction at checkout.

## Case Description

| | |
|---|---|
| **Case ID:** | 200802802 |
| **Case Caption:** | PEMBLETON VS MACY'S INC ETAL |
| **Filing Date:** | Tuesday , September 01st, 2020 |
| **Court:** | MAJOR NON JURY EXPEDITED |
| **Location:** | City Hall |
| **Jury:** | NON JURY |
| **Case Type:** | PRODUCT LIABILITY |
| **Status:** | WAITING TO LIST CASE MGMT CONF |

## Related Cases

*No related cases were found.*

## Case Event Schedule

*No case events were found.*

## Case motions

*No case motions were found.*

## Case Parties

| Seq # | Assoc | Expn Date | Type | Name |
|---|---|---|---|---|
| 1 | | | ATTORNEY FOR PLAINTIFF | HUBER, ROBERT A |
| **Address:** P O BOX 37008 PHILADELPHIA PA 19122 (215)627-0676 RHuber@HuberPalsir.com | **Aliases:** *none* | | | |
| | | | | |
| 2 | 1 | | PLAINTIFF | PEMBLETON, CHRISTINE |
| **Address:** 6060 ALMA STREET PHILADELPHIA PA 19149 | **Aliases:** *none* | | | |
| | | | | |
| 3 | | | DEFENDANT | MACY'S INC |

| | Address: | 2300 LINCOLN HIGHWAY SUITE 4 LANGHORNE PA 19047 | Aliases: | *none* | |
|---|---|---|---|---|---|

| 4 | | | DEFENDANT | MACY'S RETAIL HOLDINGS INC |
|---|---|---|---|---|
| **Address:** | 2300 LINCOLN HIGHWAY SUITE 4 LANGHORNE PA 19047 | **Aliases:** | MACY'S RETAIL HOLDINGS LLC I/T/A | |

| 5 | | | DEFENDANT | SCHINDLER ELEVATOR CORP |
|---|---|---|---|---|
| **Address:** | 2300 LINCOLN HIGHWAY SUITE 4 LANGHORNE PA 19047 | **Aliases:** | *none* | |

| 6 | | | DEFENDANT | DOE 1, JOHN |
|---|---|---|---|---|
| **Address:** | 2300 LINCOLN HIGHWAY SUITE 4 LANGHORNE PA 19047 | **Aliases:** | SCOTT | |

| 7 | | | DEFENDANT | DOE 2, JOHN |
|---|---|---|---|---|
| **Address:** | 2300 LINCOLN HIGHWAY SUITE 4 LANGHORNE PA 19047 | **Aliases:** | *none* | |

| 8 | | | DEFENDANT | DOE 3, JOHN |
|---|---|---|---|---|
| **Address:** | 2300 LINCOLN HIGHWAY SUITE 4 LANGHORNE PA 19047 | **Aliases:** | *none* | |

| 9 | | | DEFENDANT | DOE, 1, JANE |
|---|---|---|---|---|
| **Address:** | 2300 LINCOLN HIGHWAY | **Aliases:** | *none* | |

| 10 | | | DEFENDANT | DOE, 2, JANE |
|---|---|---|---|---|
| **Address:** | 2300 LINCOLN HIGHWAY SUITE 4 LANGHORNE PA 19047 | **Aliases:** | *none* | |

| 11 | | | DEFENDANT | DOE, 3, JANE |
|---|---|---|---|---|
| **Address:** | 2300 LINCOLN HIGHWAY SUITE 4 LANGHORNE PA 19047 | **Aliases:** | *none* | |

| 12 | | 06-OCT-2020 | TEAM LEADER | SHIRDAN-HARRIS, LISETTE |
|---|---|---|---|---|
| **Address:** | 692 CITY HALL PHILADELPHIA PA 19107 | **Aliases:** | *none* | |

| 13 | | | TEAM LEADER | SHREEVES-JOHNS, KAREN |
|---|---|---|---|---|
| **Address:** | 327 CITY HALL PHILADELPHIA PA 19107 | **Aliases:** | *none* | |

## Docket Entries

| Filing Date/Time | Docket Type | Filing Party | Disposition Amount | Approval/ Entry Date |
|---|---|---|---|---|
| 01-SEP-2020 05:32 PM | ACTIVE CASE | | | 01-SEP-2020 11:24 PM |
| **Docket Entry:** | E-Filing Number: 2009002428 | | | |
| | | | | |
| 01-SEP-2020 05:32 PM | COMMENCEMENT OF CIVIL ACTION | HUBER, ROBERT A | | 01-SEP-2020 11:24 PM |
| **Documents:** | 🔎 Click link(s) to preview/purchase the documents Final Cover | | 🛒 **Click HERE to purchase all documents** related to this one docket entry | |

| Docket Entry: | *none.* | | | |
|---|---|---|---|---|
| | | | | |
| 01-SEP-2020 05:32 PM | COMPLAINT FILED NOTICE GIVEN | HUBER, ROBERT A | | 01-SEP-2020 11:24 PM |
| **Documents:** | ✂ Click link(s) to preview/purchase the documents <br> Pembleton v Macys Inc etal COMPLAINT.pdf | | 🛒 **Click HERE to purchase all documents** related to this one docket entry | |
| Docket Entry: | COMPLAINT WITH NOTICE TO DEFEND WITHIN TWENTY (20) DAYS AFTER SERVICE IN ACCORDANCE WITH RULE 1018.1 FILED. | | | |
| | | | | |
| 01-SEP-2020 05:32 PM | WAITING TO LIST CASE MGMT CONF | HUBER, ROBERT A | | 01-SEP-2020 11:24 PM |
| Docket Entry: | *none.* | | | |
| | | | | |
| 18-SEP-2020 03:44 PM | AFFIDAVIT OF SERVICE FILED | HUBER, ROBERT A | | 21-SEP-2020 10:12 AM |
| **Documents:** | ✂ Click link(s) to preview/purchase the documents <br> Pembleton, Christine - Aff of Svc Schindler.pdf | | 🛒 **Click HERE to purchase all documents** related to this one docket entry | |
| Docket Entry: | AFFIDAVIT OF SERVICE OF PLAINTIFF'S COMPLAINT UPON SCHINDLER ELEVATOR CORP BY CERTIFIED MAIL ON 09/10/2020 FILED. (FILED ON BEHALF OF CHRISTINE PEMBLETON) | | | |
| | | | | |
| 25-SEP-2020 11:04 AM | SHERIFF'S SERVICE | HUBER, ROBERT A | | 25-SEP-2020 12:26 PM |
| **Documents:** | ✂ Click link(s) to preview/purchase the documents <br> Aff of Svc Jane 1.pdf | | 🛒 **Click HERE to purchase all documents** related to this one docket entry | |
| Docket Entry: | DEPUTIZED SERVICE OF PLAINTIFF'S COMPLAINT UPON JANE DOE, 1 BY SHERIFF OF BUCKS COUNTY ON 09/14/2020. (FILED ON BEHALF OF CHRISTINE PEMBLETON) | | | |
| | | | | |
| 25-SEP-2020 11:06 AM | SHERIFF'S SERVICE | HUBER, ROBERT A | | 25-SEP-2020 12:26 PM |
| **Documents:** | ✂ Click link(s) to preview/purchase the documents <br> Aff of Svc Jane 2.pdf | | 🛒 **Click HERE to purchase all documents** related to this one docket entry | |
| Docket Entry: | DEPUTIZED SERVICE OF PLAINTIFF'S COMPLAINT UPON JANE DOE, 2 BY SHERIFF OF BUCKS COUNTY ON 09/14/2020. (FILED ON BEHALF OF CHRISTINE PEMBLETON) | | | |

| 25-SEP-2020 11:09 AM | SHERIFF'S SERVICE | HUBER, ROBERT A | | 25-SEP-2020 12:27 PM |
|---|---|---|---|---|
| **Documents:** | ✂ Click link(s) to preview/purchase the documents<br>Aff of Svc Jane 3.pdf | | 🛒 **Click HERE to purchase all documents related to this one docket entry** | |
| **Docket Entry:** | DEPUTIZED SERVICE OF PLAINTIFF'S COMPLAINT UPON JANE DOE, 3 BY SHERIFF OF BUCKS COUNTY ON 09/14/2020. (FILED ON BEHALF OF CHRISTINE PEMBLETON) | | | |

| 25-SEP-2020 11:11 AM | SHERIFF'S SERVICE | HUBER, ROBERT A | | 25-SEP-2020 12:27 PM |
|---|---|---|---|---|
| **Documents:** | ✂ Click link(s) to preview/purchase the documents<br>Aff of Svc John 3.pdf | | 🛒 **Click HERE to purchase all documents related to this one docket entry** | |
| **Docket Entry:** | DEPUTIZED SERVICE OF PLAINTIFF'S COMPLAINT UPON JOHN DOE 3 BY SHERIFF OF BUCKS COUNTY ON 09/14/2020. (FILED ON BEHALF OF CHRISTINE PEMBLETON) | | | |

| 25-SEP-2020 11:12 AM | SHERIFF'S SERVICE | HUBER, ROBERT A | | 25-SEP-2020 12:27 PM |
|---|---|---|---|---|
| **Documents:** | ✂ Click link(s) to preview/purchase the documents<br>Aff of Svc John 2.pdf | | 🛒 **Click HERE to purchase all documents related to this one docket entry** | |
| **Docket Entry:** | DEPUTIZED SERVICE OF PLAINTIFF'S COMPLAINT UPON JOHN DOE 2 BY SHERIFF OF BUCKS COUNTY ON 09/14/2020. (FILED ON BEHALF OF CHRISTINE PEMBLETON) | | | |

| 25-SEP-2020 11:13 AM | SHERIFF'S SERVICE | HUBER, ROBERT A | | 25-SEP-2020 12:28 PM |
|---|---|---|---|---|
| **Documents:** | ✂ Click link(s) to preview/purchase the documents<br>Aff of Svc John 1.pdf | | 🛒 **Click HERE to purchase all documents related to this one docket entry** | |
| **Docket Entry:** | DEPUTIZED SERVICE OF PLAINTIFF'S COMPLAINT UPON JOHN DOE 1 BY SHERIFF OF BUCKS COUNTY ON 09/14/2020. (FILED ON BEHALF OF CHRISTINE PEMBLETON) | | | |

| 25-SEP-2020 11:21 AM | SHERIFF'S SERVICE | HUBER, ROBERT A | | 25-SEP-2020 12:29 PM |
|---|---|---|---|---|
| **Documents:** | ✂ Click link(s) to preview/purchase the documents<br>Aff of Svc Macys PA.pdf | | 🛒 **Click HERE to purchase all documents related to this one docket entry** | |
| **Docket** | DEPUTIZED SERVICE OF PLAINTIFF'S COMPLAINT UPON MACY'S RETAIL HOLDINGS INC BY SHERIFF OF BUCKS COUNTY ON 09/14/2020. | | | |

| Entry: | (FILED ON BEHALF OF CHRISTINE PEMBLETON) | | | |
|---|---|---|---|---|
| | | | | |
| 25-SEP-2020 11:23 AM | AFFIDAVIT OF SERVICE FILED | HUBER, ROBERT A | | 25-SEP-2020 12:30 PM |
| Documents: | ⚘ Click link(s) to preview/purchase the documents <br> Aff of Svc Macys NYC.pdf | | 🛒 **Click HERE to purchase all documents related to this one docket entry** | |
| Docket Entry: | AFFIDAVIT OF SERVICE OF PLAINTIFF'S COMPLAINT UPON MACY'S INC BY CERTIFIED MAIL ON 09/14/2020 FILED. (FILED ON BEHALF OF CHRISTINE PEMBLETON) | | | |

▶ Case Description    ▶ Related Cases    ▶ Event Schedule    ⋮▶ Case Parties    ⋮▶ Docket Entries

E-Filing System        Search Home