# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHRISTINE PEMBLETON** <br> **Plaintiff,** <br> v. <br> **MACY'S INC.**, *et al.* <br> **Defendants.** | **CIVIL ACTION NO. 20-5024** |

## ORDER

Plaintiff filed suit in Pennsylvania state court, alleging that she was injured on October 3, 2018, when an escalator in a Macy's store malfunctioned. The caption of the Complaint named Macy's Inc., Macy's Retail Holdings, Inc. i/t/a Macy's Retail Holdings, LLC, and Schindler Elevator Corp. as Defendants, along with "John Doe #1 a/k/a Scott, John Doe #2 and 3, and Jane Does 1, 2, and 3." The named Defendants removed the case to this Court on the basis of diversity jurisdiction. Plaintiff seeks to amend the Complaint to identify two Jane Doe Defendants as Philis A. Profy and April Sosa, and to remand the case because the presence of these Defendants destroys diversity (they, like Plaintiff, are citizens of Pennsylvania). Schindler has filed a partial motion to dismiss, arguing that it did not design, manufacture or supply the escalator.

*Motion to Amend and Remand*

Plaintiff filed suit on September 1, 2020, within Pennsylvania's two-year statute of limitations. The Complaint identified the Jane Doe Defendants as "adult individuals who reside in Pennsylvania and who were Macy's security personnel, Macy's staff, and/or Macy's representative(s), agents(s), servants workman [*sic*] and/or employees working at the Macy's location at the Oxford Valley Mall . . . at all times material hereto."[1] Plaintiff's counsel avers that

---

[1] Compl. at ¶ 7 [Doc. No. 1 at ECF page 12].

he first learned that Profy and Sosa were two of the Jane Does after "a detailed social media search was done" on October 13, 2020.[2] Plaintiff filed the motion to amend shortly thereafter.

Under Federal Rule of Civil Procedure 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires." Amendment may be denied as futile when "the complaint, as amended, would fail to state a claim upon which relief could be granted . . . apply[ing] the same standard of legal sufficiency" of a motion to dismiss under Rule 12(b)(6).[3] Because Plaintiff did not seek to name Profy and Sosa until after the statute of limitations ran on October 3, 2020, amendment would be futile unless 1) the proposed amendment relates back to the timely initial complaint; 2) within the time period provided in Rule 4(m), the proposed defendants received notice of the suit and would not be prejudiced in maintaining a defense; and 3) the proposed defendants knew or should have known they would have been parties, if not for a mistake concerning their identity.[4]

Here, the key factor is whether Profy and Sosa "had adequate notice of the action and should have known that [they] would have been named in the complaint but for a mistake."[5] The Complaint asserts a negligence claim against Jane Does 1 and 2, alleging in general terms that each of them "allow[ed] an escalator which she knew or should have known was in an unsafe . . . condition to be and remain in service;" failed to inspect or monitor the escalator or to maintain it; failed to hire skilled personnel to maintain the escalator; failed to provide adequate warnings, failed to train employees as to the use of the escalator, including the emergency stop function;"

---

[2] Aff. of Robert A. Huber [Doc. No. 9-4 at ECF pages 39-40.

[3] *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (citation omitted).

[4] *Garvin v. City of Phila.,* 354 F.3d 215, 220 (3d Cir. 2003).

[5] *Arthur v. Maersk, Inc.*, 434 F.3d 196, 209 (3d Cir. 2006).

and similar allegations.[6]

Plaintiff alleges that Profy is the general sales manager of beauty and fragrance at Macy's Oxford Valley location, and that Sosa is the retail management executive and cosmetics sales manager at the same store. There are no allegations that they have responsibility for the operation or maintenance of the escalator. Nor did the Complaint allege that the escalator was located in the cosmetics department or that any Macy's employees were present at the time Plaintiff was allegedly injured. Thus, Plaintiff has not shown that Profy and Sosa "should have known that, absent some mistake, the action would have been brought against [them]."[7]

Plaintiff argues that there is an identity of interest between Macy's and these employees, in that the parties are so closely related in their business operations or activities that proper notice to Macy's may be imputed to Profy and Sosa.[8] But many people presumably work at the Macy's store, and in the absence of any allegations in the Complaint that would have narrowed the field of potential Defendants, Profy and Sosa cannot "be considered to have had notice solely because of their employment."[9] Plaintiff identifies Profy and Sosa as managers, but has not alleged that these individuals are so highly placed in the Macy's hierarchy that they may be presumed to be knowledgeable about general business operations outside of the cosmetics department.[10] Thus, Plaintiff has not shown that Profy or Sosa knew or should have known that they were the Jane Doe Defendants. Without the addition of Profy and Sosa the parties remain diverse, and therefore

---

[6] Compl. at ¶ 50.

[7] *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 549 (2010).

[8] *See Singletary v. Pa. Dep't of Corr.,* 266 F.3d 186, 196 (3d Cir. 2001).

[9] *Riveros-Sanchez v. City of Easton*, Appeal No. 20-1501, 2021 WL 2413172, at * 3 (3d Cir. June 14, 2021).

[10] *Garvin*, 354 F.3d at 227. For similar reasons, the fact that Profy and Sosa are represented by the same attorneys does not provide a basis for imputing knowledge. *See id.* at 223.

both the motion to amend and the motion to remand will be denied.

### *Amendment to Name Scott Kerr*

In her reply memorandum, Plaintiff seeks for the first time to amend to identify "John Doe #1 a/k/a/ Scott" as Scott Kerr and name Kerr as a Defendant. After the motion to amend was filed, the Macy's Defendants served initial disclosures that identified Kerr as Manager-Business Administration for Macy's and a person with relevant knowledge.[11] Defendants state in their sur-reply that they are "willing to stipulate" that the allegations against Kerr "satisfy the requirements of relation back."[12] Kerr was not part of the motion to amend or the proposed amended complaint, and there are no allegations as to whether Kerr is a citizen of Pennsylvania. For Kerr to be joined, the parties shall either stipulate to the filing of an amended complaint naming Kerr as a Defendant, or Plaintiff may file a motion to amend as to Kerr. If appropriate, Plaintiff also may file a renewed motion to remand.

### *Schindler's Partial Motion to Dismiss*

Defendant Schindler has filed a motion to dismiss Counts III and IV of the Complaint, which assert claims of strict liability and breach of warranty.[13] Schindler contends that it did not design, manufacture, or supply the subject escalator. Schindler attaches photographs that purport to show that the escalator was manufactured by Otis Elevator Company.[14]

As Schindler acknowledges, the Court may only consider the photographs if they are integral to the complaint or by converting the motion into one for summary judgment.[15] The

---

[11] Doc. No. 14-2 at ECF pages 14-15.

[12] Doc. No. 15 at 2.

[13] Schindler does not seek to dismiss Count II, which alleges a negligence claim against it for maintenance.

[14] Exh. B to Mot. to Dismiss [Doc. No. 6 at ECF pages 33-34].

[15] *Fallon v. Mercy Catholic Med. Ctr. of Southeastern Pa.*, 877 F.3d 487, 493 (3d Cir. 2017).

photograph in question is not authenticated, and the Court does not deem it appropriate to convert the motion into one for summary judgment under these circumstances. The Court also notes that although Plaintiff did not respond directly to the motion to dismiss, Plaintiff's proposed Amended Complaint seeks to assert claims of negligence and breach of warranty against Schindler, but does not include the products liability claim. As Plaintiff will file either a stipulated amended complaint or a motion to amend, the Court will deny the partial motion to dismiss without prejudice.

**AND NOW,** this 16th day of August 2021, upon consideration of the pending motions and all memoranda in support thereof and in opposition thereto, it is hereby **ORDERED** that:

1. Plaintiff's Motion to Amend and Remand [Doc. No. 9] is **DENIED** as to Profy and Sosa.
2. As to Scott Kerr, Plaintiff may file either an amended complaint by stipulation or a motion to amend no later than **September 3, 2021**.
3. The partial Motion to Dismiss [Doc. No. 6] is **DENIED without prejudice**.
4. As Plaintiff has certified that the damages recoverable in this action exceed $150,000 [Doc. No. 5], the Clerk is directed to **REMOVE** the case from the arbitration track.

It is so **ORDERED.**

                                                 **BY THE COURT:**

                                               **/s/ Cynthia M. Rufe**
                                               _____
                                             **CYNTHIA M. RUFE, J.**